C.J. Erickson
Kieran G. Doyle
Jeremy A. Berman
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036
(212) 790-9200
Attorneys for Plaintiff Twenty-Six Designs, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TWENTY-SIX DESIGNS, LLC,

          *Plaintiff*,

v.

HOBBY LOBBY STORES, INC.

          *Defendant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No.  2:24-cv-4751

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Twenty-Six Designs, LLC ("Plaintiff"), by its undersigned attorneys, for its Complaint against defendant Hobby Lobby Stores, Inc. ("Defendant" "Hobby Lobby") alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action for trademark counterfeiting, trademark infringement, trade dress infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., and corresponding state law, to halt Defendant's infringement and counterfeiting of Plaintiff's valuable trademarks and trade dress, which are prominently used in connection with Plaintiff's popular BOGG Bag products.

00001/000/4610219.1

## THE PARTIES

2.      Plaintiff Twenty-Six Designs, LLC is a New Jersey limited liability company with its principal place of business at 80 Seaview Drive, Secaucus, NJ  07094, engaged in the business of, among other things, designing, marketing, and selling tote bags to consumers.

3.      Upon information and belief, Defendant Hobby Lobby Stores, Inc. is an Oklahoma corporation with an address of 7707 SW 44th Street, Oklahoma City, OK 73179.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338, and pursuant to principles of supplemental jurisdiction.

5.      This Court has personal jurisdiction over Defendant because it sells the infringing and counterfeit products in New Jersey and has committed tortious acts within New Jersey by advertising and selling products in this jurisdiction using counterfeit and infringing trademarks and trade dress.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c), because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because Plaintiff resides in this District.

## NATURE OF THE ACTION

1.      TSD brings this action for trade dress and trademark counterfeiting and infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., and corresponding state law to halt Defendant's counterfeiting and infringement of TSD's valuable trademark and trade dress.

2

## FACTS

### BOGG Marks

2.      Since 2011, TSD has designed, produced, marketed, and sold its famous BOGG Bags featuring a now well-known trade dress (the "BOGG Trade Dress") that has come to signify TSD as the source of these popular and high-quality bags.  An image of one of TSD's BOGG Bags featuring the BOGG Trade Dress appears below:



3.      The BOGG Trade Dress comprises the overall look, design and appearance of the bags and embraces multiple design elements that collectively have come to identify TSD as the source of the bags, including the following:

00001/000/4610219.1

- A rectangular shape formed of EVA foam, with rounded bottom corners;

- An arbitrary pattern of holes on the front and back faces of the bag;

- Belt-like looped EVA foam handles fastened to the front and back of the bag with shiny, circular buttons in a contrasting material;

- Parallel horizontal lines running around the entire perimeter of the bag just beneath the top edge of the bag and near the bottom of the bag;

- An arbitrary pattern of zigzag protruding lines running along the bottom surface of the bag and running up the rounded sides of the bag to the bottom parallel line noted above.

4.      The BOGG Trade Dress is non-functional and represents a series of creative design choices.  There are many ways to create a beach bag that does not use the same overall patterns and arbitrary features.

5.      Over the past 13 years, TSD has sold its popular BOGG Bags internationally and across the United Stated through over 2,500 stores.  Moreover, TSD has widely promoted and sold its BOGG Bags through TSD's website at https://BOGGbag.com.

6.      TSD's BOGG Bag has become so popular and is so well regarded that is has been featured in magazines including Better Homes and Gardens, Coastal Living, Country Living and more, and on Good Morning America.

7.      As a result of this longtime use and widespread public and media attention and praise, the BOGG Trade Dress serves as a powerful source identifier for TSD and has acquired significant secondary meaning among the consuming public, which uses the BOGG Trade Dress

4

to identify BOGG Bags and their source in the marketplace. That is, consumers encountering

TSD's BOGG Bags featuring the BOGG Trade Dress identify that bag with a single source – TSD.

8.       TSD has also made extensive use of the BOGG Trade Dress in advertising and

promoting its BOGG Bags, with advertising and promotions featuring the BOGG Trade Dress on

TSD's social media accounts, through which TSD has tens of thousands of followers.

9.       Just a few examples of social media posts drawing consumer attention to the

appearance of the BOGG Bags and the BOGG Trade Dress appear below:

 

00001/000/4610219.1



10.     TSD owns United States Trademark Registration Number 7209812 which is valid, subsisting, and in full force and effect and which grants TSD exclusive rights in certain aspects of the BOGG Trade Dress namely:

- the horizontal line running the circumference of the top hem;

- the horizontal line running the circumference of the base;

- the semi-rigid synthetic base with round corners; and

- the raised pattern of four zig zag lines when viewed in profile as well as a repeating series of short diagonal lines to the side of the zig zag lines.

11.     Below is the drawing of the trade dress ("TSD's Registered Trade Dress") covered by United States Trademark Registration Number 7209812.

6

00001/000/4610219.1



12.     As a result of this longtime use and widespread public and media attention and praise, TSD's Registered Trade Dress serves as a powerful source identifier for TSD and has acquired significant secondary meaning among the consuming public, which uses TSD's Registered Trade Dress to identify BOGG Bags and their source in the marketplace. That is, consumers encountering TSD's BOGG Bags featuring TSD's Registered Trade Dress identify that bag with a single source – TSD.

13.     TSD's Registered Trade Dress is non-functional and represents a series of creative design choices.  There are many ways to create a beach bag that does not use the same overall patterns and arbitrary features.

14.     Since 2011, TSD's BOGG Bags have been a huge commercial success, with 2021 sales exceeding $20 million, 2022 sales exceeding $47 million, and 2023 sales exceeding $54 million.  Every consumer exposed to the BOGG Bags is exposed to the BOGG Trade Dress.

15.     TSD's BOGG Bags are distributed, sold, marketed, and promoted through a wide variety of trade channels, including retail stores, wholesale, and internet sales nationwide.

16.     As a result of the enormous commercial success of the BOGG Bags and years of promotion of the BOGG Trade Dress in connection with such a popular product, the BOGG Trade

00001/000/4610219.1

Dress and TSD's Registered Trade Dress (TSD's Marks) have become extremely well-known to consumers as identifying bags of the highest quality originating with TSD. As such, TSD's Marks have developed substantial goodwill symbolizing intellectual property of tremendous value to TSD.

17.     TSD actively monitors the marketplace in order to enforce its rights against third-party infringers of its intellectual property.

**Hobby Lobby's Predatory Conduct**

18.     In September 2022 Hobby Lobby's C.C. Beams contacted the BOGG Bag inventor and TSD founder, Kim Vaccarella, seeking to add BOGG bags to Hobby Lobby's Spring/Summer 2023 collection - - a prospect Ms. Beams described as "brilliant."

19.     Ms. Vaccarella responded the next day to arrange a call to explore this possibility.

20.     On September 29, 2022 Ms. Beams said that Hobby Lobby had decided to go in a "different direction," but also expressed interest in continuing the conversation.

21.     Ms. Beams and Ms. Vaccarella met at least twice thereafter.

22.      On September 21, 2023 Ms. Beams wrote to Ms. Vaccarella thanking her for a meeting that took place in Atlanta, but expressing concerns regarding TSD's pricing for the BOGG bag.

23.     Ms. Vaccarella did not hear from Hobby Lobby again and assumed it had lost interest in the BOGG bag until Ms. Vaccarella discovered that Hobby Lobby was selling the Counterfeit bags.

24.     It is obvious from (a) the interest Ms. Beams had shown in the "brilliant" idea of selling BOGG Bags in Hobby Lobby, (b) her apparent realization that as appealing as it would be

00001/000/4610219.1

for Hobby Lobby to sell genuine BOGG Bags, the pricing would not allow Hobby Lobby to profit as much as it could if it instead sold cheap counterfeits, and (c) the striking similarity between the BOGG bag and the Hobby Lobby counterfeits that Hobby Lobby is a willful, bad faith counterfeiter.

25.     Hobby Lobby, without authorization from TSD, has manufactured and distributed copycat bags that are substantially indistinguishable from the BOGG Trade Dress and TSD's Registered Trade Dress (the "Counterfeit Bags").

26.     Upon information and belief, Tinoco deliberately copied the Bogg bags when creating the Counterfeit Bags.

27.     Below is an image of one of the genuine BOGG bag on the left and the Counterfeit bag on the right.



28.     Like genuine BOGG Bags, the Counterfeit Bags include the following features of the Bogg Trade Dress:

00001/000/4610219.1

• A generally rectangular shape formed of EVA foam, with rounded bottom corners;

• An arbitrary pattern of holes on the front and back faces of the bag;

• Belt-like looped EVA foam handles fastened to the front and back of the bag with shiny, circular buttons in a contrasting material;

• A parallel horizontal line running around the entire perimeter of the bag just beneath the top edge of the bag;

29.     Because the Counterfeit Bags are substantially indistinguishable from the BOGG Bag, the Counterfeit Bags constitute counterfeits of TSD's Registered Trade Dress, and infringements of the BOGG Bag Trade Dress.

30.     Defendant sells the Counterfeit Bags at its Hobby Lobby retail stores in, among other places, New Jersey, including in Paramus, New Jersey.

31.     Upon information and belief, the Counterfeit Bags are marketed to the same classes of consumers as genuine BOGG Bags.

32.     Upon information and belief, the Counterfeit Bags are of significantly lower quality than the BOGG Bags.

33.     Upon information and belief, Hobby Lobby intentionally and willfully copied the BOGG Trade Dress and TSD's Registered Trade Dress to draw upon and siphon off the goodwill and consumer recognition and popularity of genuine BOGG Bags.

34.     Hobby Lobby harms TSD through, inter alia, the poor quality of its Counterfeit Bags.

35.     Hobby Lobby's use of trade dress and a trademark substantially indistinguishable from the BOGG Trade Dress and TSD's Registered Trade Dress is likely to cause confusion, mistake, and deception among consumers as to the source and origin of Hobby Lobby's goods,

00001/000/4610219.1

and is likely to deceive the public into believing that Hobby Lobby's goods originate from, are associated with or are authorized or licensed by the producers of the BOGG Bags, or that Hobby Lobby's goods are from the same source, all to the damage and detriment of TSD's goodwill, reputation, and sales.

36.     Upon information and belief, by virtue of its unlawful conduct, Hobby Lobby has and will continue to deprive TSD of sales of the genuine BOGG Bag and has made or will make substantial profits and gains to which he is not in law or equity entitled.

37.     As a result of Hobby Lobby's actions, TSD has been and will be damaged in an amount to be determined at trial.

38.     Hobby Lobby's unlawful activities have caused and will continue to cause irreparable harm and injury to TSD and the reputation and goodwill associated with the BOGG Bag Trade Dress and TSD's BOGG Products.  TSD has no adequate remedy at law.

39.     On March 28, 2024 TSD's counsel wrote to Hobby Lobby's in-house trademark counsel asking Hobby Lobby to cease the sale and distribution of the Counterfeit Bags and to provide the identify of the supplier, importer and manufacturer of the Counterfeit Bags.

40.     By letter dated April 4, 2024 Hobby Lobby's Associate General Counsel refused to cease Hobby Lobby's wrongful conduct and failed to identify the source of the Counterfeit Bags.

### FIRST CLAIM FOR RELIEF
**(Trademark Counterfeiting Under Section 32 of the Lanham Act)**

41.     TSD repeats and realleges the allegations set forth in paragraphs 1-40 above as if set forth fully herein.

42.     Hobby Lobby has used spurious designations that are identical with, or substantially indistinguishable from, TSD's Registered Trade Dress for which TSD owns the federal trademark registration.  Hobby Lobby has used these spurious designations in commerce

00001/000/4610219.1

in connection with the intended advertising, sale, offering for sale and/or distribution of Counterfeit Bags for its own financial gain. TSD has not authorized such use of TSD's Registered Trade Dress by Hobby Lobby.

43.     At all  relevant times, Hobby Lobby had actual and direct knowledge of TSD's prior use and ownership in the United States of TSD's Registered Trade Dress for which TSD owns a federal trademark registration. Hobby Lobby's conduct is thus willful and reflects his intent to exploit the goodwill and brand recognition associated with TSD's Registered Trade Dress and the Parallel Zig-Zag Pattern Trademark.

44.     Hobby Lobby's acts as described herein constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF
**(Trademark Infringement Under Section 32 of the Lanham Act)**

45.     TSD repeats and realleges the allegations set forth in paragraphs 1-44 as if set forth fully herein.

46.     Hobby Lobby's importation and transportation of products in the United States using TSD's Registered Trade Dress for which TSD owns a federal trademark registration in connection with the advertising, sale, offering for sale and/or distribution of such products in the United States constitutes infringement of a registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

00001/000/4610219.1

## THIRD CLAIM FOR RELIEF
**(Trade Dress Infringement in Violation of Section 43(a) of the Lanham Act)**

47.     TSD incorporates the foregoing paragraphs 1-46 above as if set forth fully herein.

48.     Hobby Lobby's use of, promotion, and sale of the Counterfeit Bags, as described above, constitutes trademark infringement, trade dress infringement, false designation of origin, and unfair competition all in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## FOURTH CLAIM FOR RELIEF
**(Violation of NJ Stat. § 56:4-1)**

49.     TSD incorporates the foregoing paragraphs 1-48 above as if set forth fully herein.

50.     Hobby Lobby's use of, promotion, and sale of the Counterfeit Bags, as described above, appropriates for its own use Plaintiff's BOGG Bag Trade Dress and Plaintiff's Marks, and the reputation and goodwill associated therewith, in violation of NJ Stat. § 56:4-1.

## FIFTH CLAIM FOR RELIEF
**(Common Law Unfair Competition)**

51.     TSD incorporates the foregoing paragraphs 1-50 above as if set forth fully herein.

52.     Hobby Lobby's use of the BOGG Bag Trade Dress as described above constitutes unfair competition in violation of the common law of the State of New Jersey.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Twenty-Six Designs, LLC respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A.     Pursuant to 15 U.S.C. § 1116 and NJ Stat. § 56:4-2, that Defendant its agents, servants, employees, representatives, successors and assigns and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order,

be preliminarily and permanently enjoined from (i) manufacturing, importing, selling or othersie distributing the Counterfeit Bags; (ii) using TSD's Marks and any products; (iii) using any of TSD's Marks in a confusingly or deceptively similar manner to the TSD's use of TSD's Marks in connection with the sale, advertising or promotion of Defendant's goods, or (iv) using trade dress that is confusingly or deceptively similar to Plaintiff's BOGG Bag Trade Dress or TSD's Registered Trade Dress, in connection with the sale, advertising or promotion of Defendant's goods;

B.      Pursuant to 15 U.S.C. § 1118, that Defendant deliver up for destruction all material (including, without limitation, all packaging, catalogs, advertisements, promotional materials, brochures, signs, displays and/or stationary), within its possession, custody or control, either directly or indirectly, that uses TSD's Marks or trademarks or trade dress that is confusingly or deceptively similar to TSD's Marks;

C.      Pursuant to 15 U.S.C. § 1116, that Defendant be directed to file with the Court and serve upon Plaintiff, within thirty (30) days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which it has complied with the provisions set forth in Paragraphs A and B above;

D.      Pursuant to 15 U.S.C. § 1117, that Defendant be directed to account to Plaintiff for all gains, profits and advantages derived from its wrongful acts and to pay Plaintiff all damages sustained as a result of Defendant's unlawful conduct;

E.      Pursuant to 15 U.S.C. § 1117, that Plaintiff recover from Defendant the greater of three times the amount of Defendant's profits or any damages sustained by Plaintiff, together with interest on such amount and the costs of this action;

00001/000/4610219.1

F.      Pursuant to NJ Stat. § 56:4-2, that Plaintiff recover from Defendant all damages directly or indirectly caused to Plaintiff by Defendant's unlawful practices, trebled;

G.      Pursuant to 15 U.S.C. § 1117, that Plaintiff recover from Defendant attorneys' fees and costs in this action; and

H.      That Plaintiff have such other and further relief as this Court may deem just, equitable and proper.


Dated: New York, New York                    COWAN, LIEBOWITZ & LATMAN, P.C
         April 10, 2024


                                             By: _____
                                                 C.J. Erickson
                                                 Kieran G. Doyle
                                                 Jeremy A. Berman
                                             114 West 47th St.
                                             New York, New York 10036
                                             (212) 790-9261
                                             CJE@cll.com
                                             KGD@cll.com
                                             JAB@cll.com

                                             *Attorneys for Plaintiff Twenty-Six Designs, LLC*

00001/000/4610219.1